IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:17-527-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Thomas Edward Norman, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Thomas Edward Norman's ("Norman") motion to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the

facts and pertinent law, the court grants in part and denies in part Norman's § 2255 motion.

Further, the court grants in part and denies in part the Government's motion for summary

judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 7, 2016, the United States Marshal's Service Fugitive Task Force received

information that Norman could be found in a black Camry located at a house on Archer Road.

(Tr. Trans. 11, ECF No. 44.) Officers located Norman in the driver's seat and arrested Norman

on an outstanding federal arrest warrant for a supervised release violation. (Presentence

Investigation Report ("PSR") at ¶ 10.) During a search of Norman, officers located cash in his

pocket. (Id.) The officers also removed and searched the sole passenger in the vehicle, Princess

Harrison ("Harrison"). (Id.) Officers found a baggie in her hair, which Harrison admitted

contained cocaine residue. (Id.) During a search of the vehicle, officers located additional cash,

14.14 grams of cocaine and .55 grams of heroin in a small tied up quarter bag behind the center

console, as well as a loaded Taurus 9mm pistol underneath the driver's seat.  (Id. at ¶ 11.)  The officers later ascertained that the total amount of cash recovered from Norman's person and the floorboard was $1,244.  (Tr. Trans. 59, ECF No. 44.)

Norman was charged with three counts: (1) possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) ("Count 1"); (2) possession with intent to distribute a quantity of heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count 2"); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 3").  Norman filed a motion to suppress the evidence obtained from a search of the vehicle, which the court denied on August 22, 2017.  After a bench trial held the same day,  the court found Norman guilty on all three counts.  On March 28, 2018, Norman was sentenced to 156 months' imprisonment, consisting of 96 months' imprisonment on Counts 1 and 2 to be served concurrently, followed by 60 months' consecutive imprisonment on Count 3.  Norman appealed his sentence.  On August 15, 2019, the United States Court of Appeals for the Fourth Circuit affirmed Norman's conviction and sentence. United States v. Norman, 935 F.3d 232, 241-42 (4th Cir. 2019).

The Fourth Circuit held on appeal that the search of the vehicle was a valid search incident to Harrison's arrest.  Id. at 236.  The Fourth Circuit found that "[a]fter finding a bag of white powder in Harrison's hair – which she admitted to the arresting officer was cocaine – and observing a suspicious baggie and a large amount of cash in plain view, the officers had a 'reasonable basis' to believe they might find additional drugs in the Camry in which Harrison, an arrestee, was a passenger."  Id. (citation omitted)   Norman filed the instant § 2255 motion on

March 2, 2020,[1] alleging the following claims: (1) his prior conviction under 21 U.S.C. § 846 was not a "controlled substance offense" and therefore, he should not have received the "six level enhancement" under the United States Sentencing Guidelines ("U.S.S.G."); (2) trial counsel was ineffective in failing to object to the "six-level enhancement"; (3) he should be resentenced under the First Step Act; (4) his Sixth Amendment and due process rights were violated because he was denied the right to confront witnesses, be informed of the nature of the allegations, and to access and review discovery; (5) trial counsel was ineffective in failing to raise a Sixth Amendment violation claim; (6) appellate counsel was ineffective in failing to raise a claim alleging a violation of the confrontation clause; (7) the Government violated its duty to disclose witnesses and evidence; (8) the court violated Rule 701 of the Federal Rules of Evidence in admitting tampered evidence; (9) officers violated the Fourth Amendment in searching an "inoperable" vehicle that was located in "the curtilage" of a home; (10) trial counsel and appellate counsel were ineffective in failing to challenge the search of the vehicle located in "the curtilage" of a home; (11) the search of the vehicle was improper because it was not a search incident to the arrest of the passenger; (12) appellate counsel was ineffective in failing to challenge the search of the vehicle as an invalid search incident to arrest; and (13) his conviction for felon in possession of a firearm fails to satisfy the requirements of Rehaif v. United States, 139 S. Ct. 2191 (2019).[2]  (§ 2255 Mot., generally, ECF No. 58.)

---

[1]See Houston v. Lack, 487 U.S. 266 (1988).

[2] In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  Id. at 2200 (The defendant argued that the court erred in instructing the jury that it did not need to find that the defendant knew he was in the country unlawfully.).

The court ordered the Government to respond to Norman's motion on March 3, 2020. After receiving two extensions, the Government filed a response and motion for summary judgment on May 18, 2020.  (Gov't Mot. Summ. J., ECF No. 71.)  Norman filed a response in opposition to the motion for summary judgment on June 1, 2020.  (Resp. Opp'n, ECF No. 74.) This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."  Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

## B. Procedural Default

As an initial matter, "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (citations and internal quotation marks omitted). For this reason, Norman "will not be allowed to recast, under the guise of collateral attack, questions fully considered" on appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Norman appealed claims one, nine, and eleven raised in his motion. With respect to claim one, Norman challenged on appeal whether the six-point increase in the base offense level based on his 2008 drug conviction was proper, and the Fourth Circuit held that the court did not commit plain error in finding that Norman's 2008 drug conviction qualified as a controlled substance offense under U.S.S.G. § 4B1.2(b). Norman, 935 F.3d at 241-42. With respect to claims nine and eleven, the Fourth Circuit held that the "officers' search of the Camry was a valid search incident to the arrest of [the passenger,] Harrison." Id. at 236. Therefore, any challenge with respect to the search of the vehicle was fully considered on appeal. Based on the foregoing, grounds one, nine, and eleven have been fully considered and cannot be reconsidered here.

Further, if a movant directly appeals his sentence or conviction, issues that might have been but were not raised on direct appeal may not be raised subsequently in a § 2255 motion. Sanders v. United States, 230 F.2d 127, 127 (4th Cir. 1956). Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003) (citations omitted). Norman did not raise claim four, alleging that his Sixth Amendment and due process rights were violated because he was denied the right to confront witnesses, be informed of the nature of the

allegations, and to access and review discovery, or claim eight, alleging that the court violated

Rule 701 of the Federal Rules of Evidence in admitting tampered evidence, on appeal.  Thus,

Norman  "must show both (1) 'cause' excusing his . . .  procedural default, and (2) 'actual

prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S.

152, 167-68 (1982).

To establish "actual prejudice," contemplated in the first prong, the movant must show

that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere

"possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray

v. Carrier, 477 U.S. 478, 494 (1986)).  To demonstrate a miscarriage of justice, contemplated in

the second prong, the movant must prove "actual innocence" of the crime for which he was

convicted, substantiating that "in light of all the evidence, it is more likely than not that no

reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (citations and internal

quotation marks omitted).

Norman has failed to show cause and actual prejudice.  Norman does not explain what

cause prevented him from raising the issues on appeal.   "[A] petitioner cannot establish cause

when the facts underlying the claim were in existence and were available upon a reasonably

diligent search." Rose v. Lee, 252 F.3d 676, 687 (4th Cir. 2001).  Ineffective assistance of

counsel can constitute "cause" excusing a procedural default. Murray v. Carrier, 477 U.S. 478,

488-89 (1986).  Any of the alleged facts supporting Norman's arguments in claims four and

eight were available to Norman upon a reasonably diligent search at the time Norman was

sentenced.  Further, as set forth more fully below, with respect to claim four, trial counsel was

not ineffective in failing to raise a claim under the confrontation clause, review discovery, and

inform him of the nature of the charges against him.  Likewise, with respect to claim eight, to the extent Norman is alleging a claim for prosecutorial misconduct, that claim also is without merit as more fully set forth below in section F.

Further, there is no evidence to support a claim of actual innocence.  United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999) (citation omitted) ("[T]o establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent.").  The evidence of Norman's guilt is overwhelming.  Based on the foregoing, Norman's claims four and eight are procedurally defaulted.  The court grants the Government's motion for summary judgment on these claims.

### C.  Ineffective Assistance of Counsel Claims

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Norman must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]"  Id. at 689.  With respect to the second prong, Norman must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  Based on the foregoing, the Government is entitled to summary judgment on this claim.

1.    Claim 2: Trial Counsel was Ineffective in Failing to Object to the "six-level enhancement" under United States Sentencing Guidelines ("U.S.S.G.")

7

§ 2K2.1(a)(4)(A).

Norman alleges that his trial counsel was ineffective in failing to object to the six-level

enhancement under U.S.S.G. § 2K2.1(a)(4)(A) because his prior conviction for a drug

trafficking conspiracy under 21 U.S.C. § 846 does not qualify as a "controlled substance

offense." [3] (§ 2255 Mot. 12-13, ECF No. 58.)  "To avoid the distorting effects of hindsight,

claims under Strickland's performance prong are evaluated in light of the available authority at

the time of counsel's allegedly deficient performance.  A lawyer does not perform deficiently by

failing to raise novel arguments that are unsupported by then-existing precedent."  United States

v. Morris, 917 F.3d 818, 823 (4th Cir. 2019) (internal citations and quotation marks omitted);

Honeycutt v. Mahoney, 698 F.2d 213, 217 (4th Cir. 1983) (holding that counsel's failure to

anticipate that the Supreme Court would invalidate a state law did not amount to ineffective

assistance of counsel).  The Government argues that when Norman was sentenced, longstanding

published Fourth Circuit precedent provided that a conspiracy under 21 U.S.C. § 846 was a

controlled substance offense.  (Gov't Mot. Summ. J. 16, ECF No. 71 (citing United States v.

Kennedy, 32 F.3d 876, 889 (4th Cir. 1994).)  However, seven days prior to Norman's

sentencing, the Fourth Circuit held that a prior federal conviction for conspiracy to commit

murder in aid of racketeering (18 U.S.C. § 1959(a)(5)) was not a crime of violence under

---

[3] Section 2K2.1(a)(4)(A) sets the base offense level where "the defendant committed any
part of the instant offense subsequent to sustaining one felony conviction of either a crime of
violence or a controlled substance offense[.]"

U.S.S.G. 4B1.2[4] because a violation of that statute does not require an overt act.  United States

v. McCollum, 885 F. 3d 300, 308-09 (4th Cir. 2018).

On appeal in this case, the Fourth Circuit held that Norman's conviction under § 846 is

not a controlled substance offense under U.S.S.G. § 4B1.2.  Norman, 935 F.3d at 237-38.

Specifically, the court found as follows:

> [W]e have expressly held that "an overt act is an element of the generic definition
> of conspiracy" as incorporated into § 4B1.2.  United States v. McCollum, 885 F.3d
> 300, 308 (4th Cir. 2018) (internal quotation marks omitted).  And it is undisputed
> that "conspiracy" under § 846 does not require an overt act.  See United States v.
> Shabani, 513 U.S. 10, 11, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994).  Therefore,
> § 846 criminalizes a broader range of conduct than that covered by generic
> conspiracy, and Norman's conviction under § 846 cannot support the six-level
> enhancement he received.

Id.  The Fourth Circuit held that although this court erred and that McCollum controlled this

case, the court did not commit plain error because "Kennedy and its progeny sufficiently

muddied the water such that the district court's error was not so clear or obvious as to be plain."

Id. at 241 (citation and internal quotation marks omitted).  The Fourth Circuit further stated,

"[i]t is true that in a series of decades-old cases, this court assumed that § 846 conspiracy

convictions qualified as controlled substance offenses."  Id. at 239 (citing Kennedy, 32 F.3d at

888; United States v. Walton, 56 F.3d 551, 555 (4th Cir. 1995); United States v. Brandon, 363

F.3d 341, 345 (4th Cir. 2004)).  However, the Fourth Circuit noted that Kennedy and its

progeny did not hold "that an § 846 conspiracy qualified as a controlled substance offense."

_____

[4] Section 4B1.2(b) provides that "[t]he term 'controlled substance offense' means an
offense under federal or state law, punishable by imprisonment for a term exceeding one year,
that prohibits the manufacture, import, export, distribution, or dispensing of a controlled
substance (or a counterfeit substance) or the possession of a controlled substance (or a
counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

9

Norman, 935 F.3d at 239.  Therefore, although the court understands that the issue was not clearly decided when Norman was sentenced, the objection to the six-level enhancement on the grounds that § 846 conspiracy did not qualify as a controlled substance offense was a viable argument in light of McCollum and the lack of a specific holding by the Fourth Circuit on this issue.  Moreover, Norman was clearly prejudiced by the failure to object to the enhancement.  Therefore, the court finds that Norman is entitled to relief on this ineffective assistance of counsel claim.  Based on the foregoing, the Government's motion for summary judgment is denied on this claim.  The court will resentence Norman without the six-point enhancement.

      2.      Claims 5 and 6: Trial Counsel was Ineffective in Failing to Raise a Sixth Amendment Violation and Appellate Counsel was Ineffective in Failing to Raise a Claim Alleging a Violation of Confrontation Clause.

Norman alleges that "unknown officers/accusers" initially searched the vehicle and found contraband before Officer Luther arrived.  Norman argues that because he was not able to cross examine these individuals, a confrontation clause violation occurred.  (§ 2255 Mot. 14-16, ECF No. 58.)  "The Sixth Amendment affords a criminal defendant 'the right ... to be confronted with the witnesses against him.'"  United States v. Summers, 666 F.3d 192, 197 (4th Cir. 2011) (quoting U.S. Const. amend VI).  Norman was not prevented from confronting any witnesses against him.  Further, his counsel cross-examined all but one government witness at trial.  The one witness that his counsel did not cross examine was introducing recorded jail telephone calls.  A review of the testimony at trial does not reveal any evidence to support a confrontation clause claim.  See e.g. Crawford v. Washington, 541 U.S. 36, 68-69 (2004) (holding that the Confrontation Clause of the Sixth Amendment requires actual confrontation, i.e., cross-examination, when the government offers at trial hearsay evidence that is

"testimonial" in nature); <u>Bruton v. United States</u>, 391 U.S. 123, 136-37 (1968) (finding that the Sixth Amendment's confrontation clause precluded admission of a non-testifying co-defendant's implicating confession).

In addition, the Government is not required to call every witness. Moreover, defense counsel is not required to call any witnesses. In fact, defense counsel utilized the Government's failure to call certain witnesses as part of his trial strategy. (Gov't Mot. Summ. J. Attach. A (Trial Counsel Aff. ¶ F), ECF No. 71-1.) The decision not to call particular defense witnesses is normally a strategic decision demanding the assessment and balancing of perceived benefits against perceived risks, and one to which courts "'must afford ... enormous deference.'" <u>United States v. Terry</u>, 366 F.3d 312, 317 (4th Cir. 2004) (quoting <u>United States v. Kozinski</u>, 16 F.3d 795, 813 (7th Cir.1994)). With respect to the decision to call or not call a witness, "counsel [has] wide latitude in determining which witnesses to call as part of their trial strategy." <u>United States v. Dyess</u>, 730 F.3d 354, 364-65 (4th Cir. 2013) (citing <u>Wilson v. Greene</u>, 155 F.3d 396, 404 (4th Cir.1998) (quoting <u>Pruett v. Thompson</u>, 996 F.2d 1560, 1571 n. 9 (4th Cir. 1993)) ("Decisions about what types of evidence to introduce 'are ones of trial strategy, and attorneys have great latitude on where they can focus the jury's attention and what ... evidence they can choose not to introduce.' "). Further, "[d]ecisions about whether to engage in cross-examination and, if so to what extent and in what manner, are ... strategic in nature and generally will not support an ineffective assistance claim." <u>Dunham v. Travis</u>, 313 F.3d 724, 732 (2d Cir. 2002) (citation and internal quotation marks omitted). Based on the foregoing, Norman's claim that trial counsel was ineffective in failing to raise confrontation clause claims is without merit.

Likewise, appellate counsel was not ineffective in failing to raise this claim on appeal because there was no conclusive evidence to support this claim. (Gov't Mot. Summ. J. Attach. B (Aff. Appellate Counsel ¶ 5), ECF No. 71-2.) "It is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992)).

In addition, to the extent Norman is alleging that his trial counsel was ineffective in failing to review discovery or inform him of the nature of the charges, this claim fails. (§ 2255 Mot. 14, ECF No. 58.) Norman does not articulate what discovery his counsel failed to review with him or what he did not understand about the charges he faced. There is no evidence that Norman's counsel was objectively unreasonable with respect to discovery or discussing the nature of the charges. Moreover, in light of the evidence, there is no evidence of prejudice. Norman fails to demonstrate any "reasonable probability" that these alleged actions affected the outcome of the proceedings. Strickland, 466 U.S. at 697 (noting that courts may proceed directly to the prejudice prong when it is easier to dispose of the case on that basis). Therefore, this claim is without merit. Based on the foregoing, the Government is entitled to summary judgment on these claims.

3.    Claim 10: Trial Counsel and Appellate Counsel were Ineffective in Failing to Challenge the Search of the Vehicle Located in "the curtilage" of a Home.

Norman alleges that his trial and appellate counsel were ineffective in failing to challenge the search of the vehicle because it was located within the curtilage of another

person's home.  (§ 2255 Mot. 32-33, ECF No. 58.)  During the trial, Deputy Longshore testified

that officers located Norman in the driver's seat of a vehicle located in the driveway of a home

on Archer Road in Spartanburg County, South Carolina.  (Tr. Trans. 11-12, ECF No. 44.)

"Fourth Amendment rights are personal rights . . . [that] may not be vicariously asserted."

Rakas v. Illinois, 439 U.S. 128,133-34 (1978) (citations and internal quotation marks omitted).

A defendant's Fourth Amendment rights are violated "only when the challenged conduct

invaded *his* legitimate expectation of privacy rather than that of a third party."  United States v.

Payner, 447 U.S. 727, 731 (1980) (emphasis in original); United States v. Castellanos, 716 F.3d

828, 833 (4th Cir. 2013) ("The capacity to claim the protection of the Fourth Amendment

depends ... upon whether the person who claims the protection ... has a legitimate expectation of

privacy in the invaded place.") (citation and internal quotation marks omitted); United States v.

Jenkins, 426 F. Supp. 2d 336, 340 (E.D.N.C. 2006) (finding that defendant did not have a

legitimate expectation of privacy in area under vehicle parked in yard of his cousin's residence).


There is no evidence that Norman had any privacy interest in the home.  Trial counsel

states in his affidavit that there was no basis to challenge the search on this ground.  (Gov't

Mot. Summ. J. Attach. A (Aff. Trial Counsel ¶ G), ECF No. 71-1.)  Likewise, appellate counsel

states in her affidavit that she did not raise this issue on appeal because it would have been

frivolous as "Fourth Amendment rights are personal and cannot be asserted vicariously, [so]

there is no merit to this claim."  (Gov't Mot. Summ. J. Attach. B (Aff. Appellate Counsel ¶ 6),

ECF No. 71-2.)  Norman has no standing to challenge the search on this basis.  In turn, trial and

appellate counsel were not ineffective for failing to challenge the search based on the vehicle

being located in the curtilage of a home.  Based on the foregoing, the Government is entitled to

summary judgment on this claim.

> 4.    Claim 12: Appellate Counsel was Ineffective in Failing to Challenge the
> Search of the Vehicle as an Invalid Search Incident to Arrest.

Norman alleges that appellate counsel was ineffective in failing to challenge the search

of the vehicle as an invalid search incident to arrest.  (§ 2255 Mot. 38-40, ECF No. 58.)  As set

forth previously, the search of the vehicle based on a search incident to arrest was challenged at

trial via a motion to suppress and on appeal.  (Gov't Mot. Summ. J. Attach. B (Appellate

Counsel Aff. ¶ 7), ECF No. 71-2.)  In addition, appellate counsel raised the "various

inconsistencies" in the trial testimony.  (Id. Attach. B (Appellate Counsel Aff. ¶ 7), ECF No.

71-2.)   The Fourth Circuit rejected appellate counsel's argument when it affirmed the denial of

the motion to suppress finding as follows:

> The district court denied Norman's motion on the basis of two exceptions
> to the warrant requirement, finding both that the search was "incident to an arrest"
> and that the officers "had probable cause to search because ... there was in plain
> view evidence of drugs in the car."
> On appeal, the Government primarily maintains that the warrantless search
> was valid as a search incident to the arrest of Princess Harrison.  Although Norman
> raises a host of arguments challenging the applicability of several exceptions to the
> warrant requirement, he offers no rebuttal to this argument and so has abandoned
> any challenge to it.
> Even if that were not so, we would agree with the Government that the
> officers' search of the Camry was a valid search incident to the arrest of Harrison. .
> . .  After finding a bag of white powder in Harrison's hair — which she admitted to
> the arresting officer was cocaine — and observing a suspicious baggie and a large
> amount of cash in plain view, the officers had a "reasonable basis" to believe they
> might find additional drugs in the Camry in which Harrison, an arrestee, was a
> passenger.

Norman, 935 F.3d at 236 (citations omitted).  Therefore, appellate counsel was not ineffective

for failing to raise this issue.  Moreover, Norman is not "allowed to recast, under the guise of

14

collateral attack, questions fully considered" by the Fourth Circuit. <u>Boeckenhaupt</u>, 537 at 1183. Therefore, this claim is without merit. Based on the foregoing, the Government is entitled to summary judgment on this claim.

### D. Claim 3: First Step Act

Norman requests that he be resentenced under the First Step Act. (§ 2255 Mot. 13-14, ECF No. 58.) Norman is not entitled to relief under the First Step Act because Section 403(a) of the First Step Act applies to successive convictions under 18 U.S.C. § 924(c), not singular convictions under 18 U.S.C. § 924(c). First Step Act, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194. Norman was sentenced to the statutorily prescribed 60-month consecutive sentence for a first violation of 18 U.S.C. § 924(c). He did not receive a successive conviction under § 924(c). Therefore, this claim is without merit. Based on the foregoing, the court grants the Government's motion for summary judgment on this claim.

### E. Claim 13: <u>Rehaif</u> Challenge

Norman alleges that his conviction for felon in possession of a firearm fails to satisfy the requirements of <u>Rehaif</u> because he "had no knowledge of . . . his status at the time  th[e] incident occurred[.]" (§ 2255 Mot. 40-41, ECF No. 58.) Federal law prohibits the possession of a firearm by any person "who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year[.]" 18 U.S.C. § 922(g)(1). In <u>Rehaif</u>, the Supreme Court recently held that "in a prosecution under 18 U.S.C. § 922(g) . . . , the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The Government argues that the court should review this issue under the standard set forth in <u>Neder</u>

v. United States, 527 U.S. 1 (1999), instead of United States v. Gary, 954 F.3d 194 (4th Cir. 2020), and find that any error was harmless beyond a reasonable doubt.  (Gov't Mot. Summ. J. 10-12, ECF No. 71.)

In Neder, the Supreme Court applied harmless error review, due to the defendant's objection at trial, and held that a district court's omission of an element from a jury instruction was a harmless error.  527 U.S. at 6-15.  The court noted that, when there is an objection at trial, all constitutional errors, which are not structural, are subject to harmless error review under Rule 52(a) of the Federal Rules of Criminal Procedure.  Id. at 7.  Under this analysis, "reviewing courts . . . must disregar[d] errors that are harmless beyond a reasonable doubt."  Id. (citation and internal quotation marks omitted).  However, structural errors defy harmless error review, fall under a "very limited class of cases[,]" and "are so intrinsically harmful as to require automatic reversal . . . ."  Id. at 7-8 (citations omitted).

The court noted that omitting an element of an offense was markedly different than errors it had previously deemed structural, such as the complete deprivation of counsel or trial before a biased judge.  Id. at 8-9.  Further, the court opined that structural errors "infect the entire trial process," "necessarily render a trial fundamentally unfair," and "deprive defendants of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence ... and no criminal punishment may be regarded as fundamentally fair."  Id. at 8-9 (internal quotation marks and citations omitted).  In contrast, omitting "an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence."  Id. at 9.  Therefore, based on the record, the court found that the district court's error was harmless.  Id. at 19-20.

16

In <u>Gary</u>, the Fourth Circuit applied plain error review and found that a district court's failure to inform Gary, prior to his guilty plea, of the element that Gary knew he belonged to the relevant class of persons barred from possessing a firearm, as required by § 922(g) and <u>Rehaif</u>, was a structural error.  954 F.3d at 200.  The court identified three rationales that the Supreme Court has adopted for identifying errors as structural: (1) "where the right at issue is not designed to protect the defendant from erroneous conviction but instead protects some other interest, such as the fundamental legal principle that a defendant must be allowed to make his own choices about the proper way to protect his own liberty[;]" (2) "if the effects of the error are simply too hard to measure;" and (3) "if the error always results in fundamental unfairness[.]"  <u>Id.</u> at 204-05 (citations and internal quotation marks omitted).

In analyzing these rationales, the Fourth Circuit relied heavily on the fact that the omission in <u>Gary</u> occurred in the context of a guilty plea.  Under the first rationale, the court submitted that "Gary had the right to make an *informed* choice on whether to plead guilty or to exercise his right to go to trial" and, by omitting an element of the offense, "the court deprived him of his right to determine the best way to protect his liberty."  <u>Id.</u> at 205-06.  In addition, under the second rationale, the court indicated that the error "occurred in the context of a guilty plea and thus is not the type of error that may be quantitatively assessed in the context of other evidence presented [at trial] . . . ."  <u>Id.</u> at 206 (citations and internal quotation marks omitted).  Moreover, under the third rationale, the court stated that "fundamental unfairness results when a defendant is convicted of a crime based on a constitutionally invalid guilty plea."  <u>Id.</u> at 206.

Plain error review applies to the instant matter because Norman failed to object at trial.  <u>See</u> <u>United States v. David</u>, 83 F.3d 638, 641 (4th Cir. 1996).  Under plain error review, a

17

defendant must show that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Moreover, courts will only correct these errors if they "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." Id. at 732 (citation and internal quotation marks omitted). An error is plain when "the law at the time of trial was settled and clearly contrary to the law at the time of appeal[.]" Johnson v. United States, 520 U.S. 461, 468 (1997). Additionally, for an error to affect a defendant's substantial rights, the error "must have affected the outcome of the district court proceedings." United States v. White, 405 F.3d 208, 217 (4th Cir. 2005) (citation and internal quotation marks omitted).

The first two elements of plain error review have been satisfied. First, based on Rehaif, the district court's failure to inform Norman of the knowledge-of-status element of the § 922(g) offense was an error. Second, this error is plain. The precedent from the Supreme Court and the Fourth Circuit establishes that an error has occurred. See Rehaif, 139 S. Ct. 2191; Gary, 954 F.3d 194; United States v. Lockhart, 947 F.3d 187 (4th Cir. 2020).

However, the court finds that the error, under all three rationales, was not structural and did not affect Norman's substantial rights. Unlike the defendant's guilty plea in Gary, Norman was found guilty after a bench trial. The Government could have easily proven that Norman knew he was a felon at the time he possessed a firearm, as there is overwhelming evidence to establish this element. See Rehaif, 139 S. Ct. at 2198 (internal quotation marks and citation omitted) (noting that the Government's obligation to prove knowledge is not "burdensome," as "knowledge can be inferred from circumstantial evidence."). Norman has been sentenced to more than one year in prison on three separate occasions. Moreover, Norman stipulated to the

existence of his prior felonies.  Further, other circuits have found that Rehaif errors, in the context of trials, do not affect a defendant's substantial rights.  See United States v. Miller, 954 F.3d 551, 558-60 (2d Cir. 2020); United States v. Hollingshed, 940 F.3d 410, 415-16 (8th Cir. 2019); United States v. Reed, 941 F.3d 1018, 1021-22 (11th Cir. 2019).  In addition, omitting an element of an offense is markedly different from the cases in which the Supreme Court has identified errors as structural.  For the same reasons, the error did not affect Norman's substantial rights because it did not affect the outcome of the proceedings.  Consequently, Norman has failed to satisfy plain error review.

Norman also argues that he had no knowledge of the existence of the firearm.  (§ 2255 Mot. 40-41, ECF No. 58.)  However, after a review of the record, the court finds that Norman's assertion of actual innocence also fails.  See Bousley, 523 U.S. at 623 ("To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.") (citation and internal quotation marks omitted).  The trial court found constructive possession based on the firearm being under the seat, in a medium-sized to small vehicle, and a few inches from the Norman's leg.  (Tr. Trans. 206-07, ECF No. 44.)  Moreover, the trial court noted that Norman was engaged in a drug transaction and, in telephone calls from jail, Norman urged others to pay or encourage someone else to take credit for the gun.  (Id. at 207, ECF No. 44.)  Therefore, this claim is without merit. Based on the foregoing, the court grants the Government's motion for summary judgment on this claim.

### F.  Claims 7 and 8: Government Failure to Disclose Witnesses and Evidence and Tampering with Evidence

Norman alleges that the Government failed "to produce and disclose for the defense" certain "unknown officers" or other witnesses that were key to his defense at trial.  (§ 2255 Mot. 23-25, ECF No. 58.)  Further, Norman alleges that the Government tampered with evidence.  (Id. at 27, ECF No. 58.)  When considering a claim of prosecutorial misconduct, the court must determine "whether the conduct so infected the [proceedings] with unfairness as to make the resulting conviction [and sentence] a denial of due process."  United States v. Scheetz. 293 F.3d 175, 185 (4th Cir. 2002) (citation and internal quotation marks omitted).  "The test for reversible prosecutorial misconduct has two components; first, the defendant must show that the prosecutor's . . . conduct [was] improper and, second, the defendant must show that such . . . conduct prejudicially affected his substantial rights . . . ."  Id. (citation omitted)..  Norman contends that the Government has failed to identify the officers that discovered the contraband in the vehicle.  (§ 2255 Mot. 23, ECF No. 58.)  Norman has offered no evidence to support this claim other than sheer speculation.  Norman references the testimony of Officer Luther wherein he states that he was notified that contraband had been discovered in the vehicle.  (Id. at 15, ECF No. 58 (citing (Appeal. Trans. 29, ECF No. 47).)  Suspected contraband was located in plain view inside the vehicle.  (Tr. Trans. 31, 182-83, ECF No. 44.)  The evidence does not support a claim that the Government failed to disclose witnesses to Norman or that evidence was tampered with in any way.  Based on the foregoing, these claims are without merit, and the court grants the Government's motion for summary judgment on this claim.

### III. CONCLUSION

For the reasons discussed above, Norman's § 2255 motion is granted in part and denied in part. Further, the Government's motion for summary judgment is granted in part and denied in part. With respect to claims one, four, eight, nine, and eleven, these claims are dismissed as procedurally defaulted. Claims three, five, six, seven, ten, and twelve, are dismissed as they are without merit. Norman is entitled to relief on claim two and will be resentenced.

It is therefore

**ORDERED** that Norman's § 2255 motion, docket number 58, is granted in part and denied in part as set out. It is further

**ORDERED** that the Government's motion for summary judgment, docket number 71, is granted in part and denied in part.

**IT IS SO ORDERED**.


                                                          s/Henry M. Herlong, Jr.
                                                          Senior United States District Judge

Greenville, South Carolina
July 17, 2020

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the issuance of the Amended Criminal Judgment in this case after resentencing. Due to the "hybrid" nature of the court's decision in this proceeding, the appeal period set forth in Rule 4 of the Federal Rules of Appellate Procedure does not commence until the Amended Criminal Judgment is docketed. United States v. Hadden, 475 F.3d 652, 664-65 (4th Cir. 2007) ("§ 2255 petition is not complete until the district court actually resentences the prisoner or corrects the prisoner's sentence.") (citing Andrews v. United States, 373 U.S. 334, 340 (1963).