IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No.  7:17-527-HMH |
| | ) | CV No. 7:24-7359-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Thomas Edward Norman, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Thomas Edward Norman's ("Norman") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons below, the court denies Norman's motion.

**I. B**ACKGROUND

On June 13, 2017, Norman was charged with three counts: (1) possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) ("Count 1"); (2) possession with intent to distribute a quantity of heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count 2"); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 3"). After a bench trial on August 22, 2017, the court found Norman guilty on all three counts. On March 27, 2018, Norman was sentenced to 156 months' imprisonment, consisting of 96 months' imprisonment on Counts 1 and 2 to be served concurrently, followed by 60 months' consecutive imprisonment on Count 3. Norman appealed his sentence. On August 15, 2019, the United States Court of Appeals for the Fourth Circuit affirmed Norman's conviction and sentence. United States v. Norman, 935 F.3d 232, 241-42 (4th Cir. 2019).

1

Norman filed a § 2255 motion on March 2, 2020, alleging the following claims: (1) his prior conviction under 21 U.S.C. § 846 was not a "controlled substance offense" and therefore, he should not have received the "six level enhancement" under the United States Sentencing Guidelines ("U.S.S.G."); (2) trial counsel was ineffective in failing to object to the "six-level enhancement"; (3) he should be resentenced under the First Step Act; (4) his Sixth Amendment and due process rights were violated because he was denied the right to confront witnesses, be informed of the nature of the allegations, and to access and review discovery; (5) trial counsel was ineffective in failing to raise a Sixth Amendment violation claim; (6) appellate counsel was ineffective in failing to raise a claim alleging a violation of the confrontation clause; (7) the Government violated its duty to disclose witnesses and evidence; (8) the court violated Rule 701 of the Federal Rules of Evidence in admitting tampered evidence; (9) officers violated the Fourth Amendment in searching an "inoperable" vehicle that was located in "the curtilage" of a home; (10) trial counsel and appellate counsel were ineffective in failing to challenge the search of the vehicle located in "the curtilage" of a home; (11) the search of the vehicle was improper because it was not a search incident to the arrest of the passenger; (12) appellate counsel was ineffective in failing to challenge the search of the vehicle as an invalid search incident to arrest; and (13) his conviction for felon in possession of a firearm fails to satisfy the requirements of Rehaif v. United States, 139 S. Ct. 2191 (2019).  (§ 2255 Mot., generally, ECF No. 58.)  On July 17, 2020, the court granted the § 2255 motion in part, finding that Norman's counsel rendered ineffective assistance in failing to object to the application of the 6-point sentencing enhancement, and ordered that he be resentenced without the enhancement.  The court denied the § 2255 motion as to all other claims. On February 16, 2021, at resentencing, the government moved to dismiss count 1 (felon in possession charge) of the indictment.  The court resentenced Norman to an

aggregate term of 90 months' imprisonment on counts 2 and 3 of the indictment. The amended judgment was filed on February 22, 2021.

Norman appealed the denial of the remainder of his § 2255 motion and the sentence imposed on resentencing. In a May 15, 2023 opinion, the Fourth Circuit denied a certificate of appealability and dismissed the portion of Norman's appeal challenging the court's order denying his various § 2255 claims. United States v. Norman, No. 21-4154, 2023 WL 3451404 (4th Cir. May 15, 2023) (unpublished). Further, the Fourth Circuit affirmed the reasonableness of Norman's sentence as set forth in the amended judgment and dismissed as not cognizable his ineffective assistance of counsel claim. Id.

On December 16, 2024, the court received the instant § 2255 motion, which is dated November 21, 2024. (2255 Mot., ECF Nos. 141, 147.) The postmark is unreadable.[1] Norman was ordered to bring his motion into proper form and Norman filed the proper form on January 2, 2025. In his motion, Norman alleges that count 3 of his indictment (possessing a firearm during a drug trafficking crime) should be dismissed based on a stipulation during his bench trial. (Id., ECF Nos. 141, 147.) Further, Norman alleges that his motion should be considered timely because he never received the Fourth Circuit's judgment or order from his appeal. (Id., ECF Nos. 141, 147.) This matter is now ripe for review.

## II. DISCUSSION

Under 28 U.S.C. § 2255(f), a movant has one year to seek post-conviction relief. This one-year limitations period begins to run from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Of these four triggering dates, only § 2255(f)(1) is relevant here. "Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). "The issuance of the appellate court mandate [is not] the triggering date. For the purpose of starting the clock on § 2255's one-year limitation period, . . . , a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Id. at 524-25. The Fourth Circuit judgment was entered on May 15, 2023. Fed. R. App. P. 36; United States v. Cobb, 21-4538 (4th Cir. May 11, 2023) (J. Order, ECF No. 55). Norman did not file a petition for writ of certiorari. Thus, finality attached ninety days later, on August 13, 2023, the last day that Norman had to file a timely petition for writ of certiorari with the United States Supreme Court. See S. Ct. R. 13 (Petition for Writ of Certiorari must be filed within 90 days after entry of judgment). Using that date as the starting point, the one-year limitations period under § 2255(f) expired on August 13, 2024. Even accepting the date on the motion, Norman did not file the instant motion until November 21, 2024. (§ 2255 Mot., ECF No. 141.) Thus, Norman's motion is untimely unless equitable tolling applies.

Equitable tolling is "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period

4

against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). For equitable tolling to apply, Norman must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Norman alleges that he never received the Fourth Circuit's May 15, 2023 order or judgment. (2255, Mot. 7, ECF No. 127.)

Generally the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255). The court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ." Hill, 277 F.3d at 707.

Norman has had the opportunity to explain. In Norman's § 2255 motion, he recognized that his motion was untimely. (§ 2255 Motion, ECF No. 141.) Further, as ordered by the court, Norman submitted his supplemental § 2255 motion utilizing the form § 2255 motion ("AO Form 243"). Question 18 of AO Form 243 states: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." (§ 2255 Suppl. Motion, ECF No. 147.) In response to question 18, Norman alleges that he never received or does not recall receiving the Fourth Circuit's May 15, 2023 order or a "deadline timeline of which [he] was to have timely filed a[n] Appeal/2255 motion" in this case. (Id., ECF No. 147.) Norman never addresses when he

5

actually discovered that the Fourth Circuit had decided his appeal. Norman learned at some point prior to filing the instant motion. Nothing in the record suggests that Norman was diligent in pursuing his claims or that any extraordinary circumstances prevented him from filing a timely motion.

The appellate record reflects that Norman's appeal was filed on April 1, 2021.[2] (Docket 21-4154, No. 1 (4th Cir.).) Norman filed an Anders pro se brief with the Fourth Circuit on September 3, 2021. Further, Norman submitted a motion for discovery material on September 15, 2021. (Id. No. 22.) That same day, the Fourth Circuit mailed Norman a letter informing him that the motion for discovery was being forwarded to his counsel. (Id. No. 23.) Norman understands how to file documents and obtain information from the court. Further, Norman had counsel during his appeal that he could have contacted as well. Instead, Norman assumed that his appeal was still pending over three years after his last communication with the Fourth Circuit. Norman has failed to show extraordinary circumstances or that he was diligently pursuing his rights. Rash v. United States, No. CIV.A.3:05-CV-127, 2007 WL 1983852, at *3 (N.D.W. Va. July 3, 2007) ("Assuming that the petitioner did not receive a copy of the dismissal of his appeal, it is abundantly clear that if petitioner had simply made a timely inquiry with the Clerk of Court at either the district or circuit court, he would have known his appeal had been dismissed and could have timely filed his § 2255 motion. Instead, the petitioner chose to "assume" that his appeal was still pending, even though he had not heard anything from the Court in more than two

---

[2] The court may take judicial notice of the appellate court record. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice is in noticing the content of court records." (internal quotation marks and brackets omitted)).

years.  Thus, equitable tolling does not apply to excuse his untimeliness.")  Based on the foregoing, Norman is not entitled to equitable tolling.

Further, even if Norman's motion is not time barred, it is without merit.  Norman is directly challenging his conviction on Count 3, and he failed to raise this claim on direct appeal. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). Generally, claims not raised on direct appeal may not be raised on collateral review unless "defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" Id. at 622 (internal citations omitted).

Norman cannot show either cause or prejudice excusing his procedural default.  United States v. Jones, No. 94-6209, 1995 WL 321263, at *1 (4th Cir. May 30, 1995) (unpublished). Norman alleges that dismissal of count 1 required dismissal of count 3 as well because his counsel during his trial stipulated "that in order to convict movant of count (3)[,] the courts must convict [him] of Counts (1) [and] (2)." (§ 2255 Suppl. Motion 5, ECF No. 147.)  A review of the record reveals no such stipulation.³  Moreover, count 3 has distinct elements from counts 1

---

³ The only stipulation that was offered at Norman's trial concerned his prior felony conviction. The stipulation was read into the record as follows:
MS. WELLS: Your Honor, at this time the Government and defense have a stipulation they have entered into.  Would the Court want me to read that in the record?
THE COURT: All right.
MS. WELLS: Your Honor, this is en captioned [sic]:
"United States of America v Thomas Edward Norman, the Government and the Defendant, Thomas Edward Norman, along with his counsel, Benjamin T. Stepp, stipulate the following: That Thomas Edward Norman, on December 7th, 2016, had previously been convicted of a crime punishable for a term exceeding one year, and that the Defendant, Thomas Edward Norman, had not been pardoned for the above referenced conviction, nor has the conviction been expunged, nor have the Civil Rights to possess a firearm been restored."
And it is signed by myself, Mr. Stepp, and by Mr. Norman in this case and we offer it as Government's exhibit 26.
THE COURT: Accepted, thank you.

7

and 2. Thus, the Government's dismissal of count one has no impact on count 3. Further, there is no evidence to support a claim of actual innocence. To demonstrate a miscarriage of justice, the movant must prove "actual innocence" of the crime for which he was convicted, substantiating that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bousley, 523 U.S. at 623 (citations and internal quotation marks omitted).

Therefore, it is

**ORDERED** that Norman's § 2255 motions, docket numbers 141 and 147, are summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Norman has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 22, 2025

---

(Tr. Trans. 178-79, ECF No. 44.)
.

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.